Glenn R. Kantor – State Bar No. 122643
Email: gkantor@kantorlaw.net
Andrew M. Kantor – State Bar No. 303093
Email: akantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, California, 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
RICHARD BARTON

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BARTON,<br><br>        Plaintiffs,<br><br>        v.<br><br>SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. AND GOOGLE SHORT TERM DISABILITY PLAN,<br><br>        Defendants. | CASE NO.<br><br>**COMPLAINT FOR: BREACH OF CONTRACT, AND BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff Richard Barton herein sets forth the allegations of his Complaint against Sedgwick Claims Management Services, Inc. ("Sedgwick") and Google Short Term Disability Plan ("Google" or "the Plan") (hereinafter sometimes referred to as "Defendants").

## PRELIMINARY ALLEGATIONS

1.     Plaintiff brings this action for declaratory and monetary relief pursuant to §§502(a)(1)(B) and 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA") and 29 U.S.C. §§1132(a), (e), (f) and (g), as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

1  governed by ERISA. Jurisdiction is predicated under these code sections as well as 28

2  U.S.C. § 1331 as this action involves a federal question.

3      2.    This action is brought for the purpose of recovering benefits under the

4  terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an

5  employee benefit plan, and to clarify Plaintiff's rights to future benefits under the

6  employee benefit plan named as Defendant. Plaintiff seeks relief, including but not

7  limited to, payment of benefits, prejudgment and post-judgment interest, reinstatement

8  to the benefit Plan at issue herein, and attorneys' fees and costs.

9      3.    Plaintiff was at all times relevant an employee of Google, Inc. and a

10  resident of the County of Santa Clara, State of California.

11      4.    Plaintiff is informed and believes that Google, Inc. ("Google") is a

12  corporation with its principal place of business in the State of California and is

13  authorized to transact and is transacting business in the Northern District of

14  California. Google has established an employee benefit plan governed by ERISA

15  ("STD Plan"), which is a Defendant in this action.

16      5.    The STD Plan pays short term disability benefits to eligible employees.

17      6.    Plaintiff is informed and believes that Google self-funds the STD Plan.

18      7.    Plaintiff is informed and believes that Sedgwick Claims Management

19  Services, Inc. ("Sedgwick") administers the STD Plan.

20      8.    Plaintiff is informed and believes that the Policy was intended by Google

21  and Sedgwick to insure citizens of the State of California, including Plaintiff herein.

22      9.    Plaintiff is informed and believes that Sedgwick is a corporation with its

23  principal place of business in the State of Illinois, authorized to transact and

24  transacting business in the Northern District of California and can be found in the

25  Northern District of California. Sedgwick is the claims administrator and insurer of

26  the short-term disability benefits under the STD Plan and acted in the capacity of a

27  plan administrator with respect to the STD Plan. At some or all relevant times,

28  Defendant Sedgwick was a fiduciary of the STD Plan within the meaning of ERISA

§3(21), 29 U.S.C. §1001(21), in that Sedgwick acted as claims fiduciary for the STD Plan, and exercised authority and control over the payment of short-term disability benefits, which are assets of the STD Plan. Sedgwick is also the "appropriate named fiduciary" of the STD Plan as described in 29 C.F.R. §2560.503(h)(1).

10.     Defendants operate and, at all relevant times, have done business in this judicial district, in that they cover participants who reside in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

## FIRST CAUSE OF ACTION
## AGAINST SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. AND GOOGLE SHORT TERM DISABILITY PLAN, FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS
## (29 U.S.C. 1132(a)(1)(B))

11.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

12.     At all times relevant, Plaintiff was employed by Google, and was a covered participant under the terms and conditions of the STD Plan.  The Google STD plan was insured by Defendant Sedgwick, and Sedgwick was also the Plan claims administrator and made all decisions to pay or deny benefit claims.

13.     During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the STD Plan.  Specifically, while Plaintiff was covered under the STD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the STD Plan.

14.     Pursuant to the terms of the STD Plan, Plaintiff made a claim to Sedgwick for STD benefits under the STD Plan. Specifically, while Plaintiff was covered under the STD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the STD Plan. Plaintiff's medical leave resulting from

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

1  his disabling condition commenced on or about August 24, 2017. Plaintiff submitted a

2  claim for STD benefits which was denied on June 12, 2018. His claim was assigned

3  Claim Number: 30180133276-0001.

4       15.    On December 14, 2018, Mr. Barton's submitted a timely appeal. To

5  date, Sedgwick has neither responded to Mr. Barton's appeal nor informed him or

6  this office that they needed additional time to review his appeal which is in violation

7  of ERISA regulations.

8       16.    On March 13, 2019, Plaintiff's counsel sent a letter to Sedgwick

9  advising them that the Metropolitan Life Insurance Company ("MetLife") had

10  reversed its prior determination (a determination shared by Sedgwick) that Mr.

11  Barton did not have LTD coverage and proceeded with a full medical evaluation of

12  his claim. After a thorough review of Mr. Barton's medical records, on March 6,

13  2019, MetLife determined that Mr. Barton was totally disabled as of August 4, 2017

14  through the present day, and thus eligible for benefits under the LTD Plan.

15       17.    We also requested at that time that Sedgwick respond to Mr. Barton's

16  December 14, 2018 appeal, reverse its June 12, 2018 denial and issue our client's

17  long-overdue STD benefits, and that failure to comply would force Mr. Barton to

18  file suit.

19       18.    As of the filing of this Complaint, we have not received a response

20  from Sedgwick.

21       19.    Sedgwick and the Plan have breached the STD Plan and violated

22  ERISA in the following respects:

23       (a)    Failing to pay STD benefit payments to Plaintiff at a time when

24  Sedgwick and the Plan knew, or should have known, that Plaintiff was entitled

25  to those benefits under the terms of the STD Plan, as Plaintiff was disabled and

26  unable to work and therefore entitled to benefits.  Even though Sedgwick and

27  the Plan had such knowledge, Sedgwick denied Plaintiff's STD benefits;

28       (b)    Failing to provide a prompt and reasonable explanation of the basis

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the denial of Plaintiff's claim for benefits;

(c)     After Plaintiff's claim was denied in whole or in part, Sedgwick failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect his claim along with an explanation of why such material is or was necessary; and

(d)     Failing to properly and adequately investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim.

20.     Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied Plaintiff's disability benefits under the STD Plan, by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

21.     Following the denial of benefits under the STD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Plan.

22.     As a proximate result of the aforementioned wrongful conduct of Sedgwick, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

23.     As a further direct and proximate result of this improper determination regarding Plaintiff's STD, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

24.     The wrongful conduct of Sedgwick and the Plan has created uncertainty where none should exist. Therefore, Plaintiff is entitled to enforce his rights under the terms of the Plan and to clarify his right to future benefits under the terms of the Plan.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1.    Payment of disability benefits due Plaintiff up to and including the date of Judgment;

2.    An order declaring that Plaintiff is entitled to immediate payment of all past due benefits, reinstatement to the Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the Plan for so long as Plaintiff remains disabled under the terms of the Plan;

3.    In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4.    Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.    Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

6.    Such other and further relief as this Court deems just and proper.

DATED:  May 10, 2019                    KANTOR & KANTOR, LLP


                                        By:   /s/ Andrew M. Kantor
                                              Andrew M. Kantor
                                              Attorneys for Plaintiff
                                              Richard Barton

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525